IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


VERONICA SAMBRANO,

    Petitioner,

vs.                                      Case No. 4:14cv304-RH/CAS

UNITED STATES IMMIGRATION
& CUSTOMS ENFORCEMENT,

    Respondent.

_____/


## REPORT AND RECOMMENDATION

On June 18, 2014, the pro se Petitioner filed a petition for writ of habeas corpus pursuant to § 2241, doc. 1, and a motion for temporary restraining order, doc. 2. Petitioner has belatedly paid the filing fee, doc. 5, and the petition and motion may now be reviewed.

Petitioner entered a plea of guilty in the United States District Court, Southern District of Texas, for possession with intent to distribute more than 50 kilograms of marijuana. Doc. 1 at 2. Her § 2255 motion is currently pending. *Id.* Petitioner is currently serving her sentence in the Federal Correctional Institution in Tallahassee, Florida, *id.* at 1, and states that it will be complete on July 14, 2014. *Id.* at 3.

Petitioner states that a detainer was filed on March 25, 2014, to begin removal proceedings.  *Id.* at 3.  She seeks to have this Court enter a temporary restraining order to stay the commencement of removal proceedings and release her on supervised release pending the outcome of her § 2255 motion.[1]  *Id.* at 6.  This Court, however, lacks subject matter jurisdiction over this case as explained in greater detail below.

Petitioner has named the United States Immigration and Customs Enforcement [hereinafter "ICE"] as the Respondent and the relief requested pertains to the detainer issued by ICE.  "Under certain circumstances, challenges to detainers may also be brought under § 2241."  <u>Orozco v. United States Immigration & Naturalization Serv.</u>, 911

---

[1] Judicial notice is taken that Petitioner filed a motion to vacate under § 2255 on January 27, 2014, in case number 5:05cr708-1, Southern District of Texas, Laredo Division.  Doc. 65.  In April 2014, Petitioner filed a motion for leave to file an amended motion to vacate with supporting memorandum, doc. 68, and a week later, she filed a motion to expedite, doc. 69.  Those motions are still pending as of this date.
  Petitioner was originally arrested on a complaint in March of 2005.  Docs. 1, 2 of case number 5:05cr708-1.  She was released on $50,000 bond, doc. 6, subsequently indicted on three counts and arraignment was set for April 7, 2005.  Docs. 9-10.  The Government subsequently moved to forfeit her appearance bond because she failed to appear for arraignment.  Doc. 14.  The docket indicates, however, that Petitioner was deported.  Doc. 13.  A final judgment of default and bond forfeiture was entered on July 19, 2005, doc. 23, and a bench warrant was issued for Petitioner.  Docs. 24-25.  Thereafter, some eight years later, Petitioner was arrested again and appeared on February 20, 2013.  Doc. 32. She was ordered detained without bond.  *Id.*  Judgment was eventually entered on July 11, 2013, after Petitioner pleaded guilty to count two of the indictment.  Doc. 62.  Petitioner was sentenced to 21 months and waived her right to appeal the sentence.  *Id.* at 2; doc. 61.  She was also placed on 3 years of supervised release.  *See* docket for case number 5:05cr708-1.  A special condition of supervision was entered directing that if Petitioner was deported, she was "not to re-enter the United States illegally."  Doc. 62 at 4.  In addition, if she were "deported during the period of probation or the supervised release term, supervision by the probation office" would become "inactive."  *Id.*  Review of the plea agreement signed by Petitioner reveals that she understood that her criminal conviction on count two "could lead to the Defendant's subsequent deportation, removal and/or exclusion from the United States."  Doc. 49 at 3-4.  Counsel informed Petitioner "of the potential immigration consequences that could come about as a result of" her guilty plea.  *Id.* at 4.

F.2d 539, 541 (11th Cir. 1990). However, a "writ of habeas corpus functions to grant relief from unlawful custody or imprisonment and, [thus, pursuant to] 28 U.S.C. § 2241(c), . . . absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." Orozco, 911 F.2d at 541, *citing* Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988), *cert. denied*, 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989).

In both Orozco and Campillo, Immigration proceedings had not yet been commenced to determine whether the petitioner should be removed. Rather, INS, now referred to as ICE, has "merely lodged a detainer." Courts considering this issue have held that "[t]he filing of the detainer, standing alone, did not cause [petitioner] to come with the custody of the INS." Orozco, 911 F.2d at 541. *See also* Gonzales-Corrales v. I.C.E., 522 F.App'x 619, 623 (11th Cir. 2013) (holding that although petitioner alleged that ICE had "lodged a detainer against him, he did not allege that removal proceedings had commenced or that he had been taken into ICE custody" and, thus, he was not in ICE custody and the district court lacked subject-matter jurisdiction to consider the § 2241 petition); Oguejiofor v. Attorney Gen. of the United States, 277 F.3d 1305, 1308, n.2 (11th Cir. 2002) (same); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 539 (5th Cir. 2003) (holding in a case of first impression that a detainer issued by INS does not render a prisoner "in custody" for § 2241 purposes); Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995) (detainer letter alone does not sufficiently place an alien in INS custody for habeas purposes); Santana v. Chandler, 961 F.2d 514, 516 (5th Cir. 1992) (implying that court would follow the majority rule of other circuits that "a prisoner under INS detainer is not in custody of INS for habeas purposes."); Prieto v. Gulch, 913 F.2d

1159, 1162 (6th Cir. 1990) (concluding that the filing of a detainer is insufficient to alter one's status as a sentenced federal offender and holding that the petitioner could "not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [petitioner] is released from his present term of confinement."); Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989) (filing of an INS detainer with prison officials does not constitute the requisite "technical custody" for purposes of habeas jurisdiction); Ryan v. Dep't of Homeland Sec., No. 3:09cv399-LAC/MD, 2010 WL 1433166, at *1 (N.D. Fla. Mar. 8, 2010) (same); Parsard v. United States, No. CV513-103, 2014 WL 1247805, at *4 (S.D. Ga. Mar. 25, 2014) (holding that petitioner was "not 'in custody' of INS" as he was still incarcerated and the court lacked subject matter jurisdiction under § 2241 to address his claims).

"Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." Giddings v. Chandler, 979 F.2d 1104, 1105, n.3 (5th Cir. 1992), *quoted in* Zolicoffer, 315 F.3d at 539.  Petitioner advises that there is a notice of detainer dated March 25, 2014, and she has applied for a stay of deportation or removal.  Doc. 1 at 3.  There is no indication that removal proceedings have begun.  Petitioner is in the custody of the Bureau of Prisons and is not "in custody" of ICE.  Therefore, this petition requesting a writ of habeas corpus should be denied for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2241(c).  Accordingly, the motion for a temporary restraining order should also be denied.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner Veronica Sambrano's petition for writ of habeas corpus, doc. 1, be **DISMISSED without prejudice** for lack of subject matter jurisdiction, that the motion for temporary restraining order, doc. 2, be **DENIED**, and this case closed.

**IN CHAMBERS** at Tallahassee, Florida, on July 11, 2014.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**